[Argued Nov. 7, 1892; decided Nov. 14, 1892.]

## H. J. ZUMWALT *v.* CYRUS MADDEN.
[S. C. 31 Pac. Rep. 400.]

SUIT TO QUIET TITLE—PLEADING—CODE, § 504.—In a trial under Hill's Code, § 504, to determine an adverse claim to land, plaintiff must allege possession of the premises, and that defendant claims an adverse interest or estate, and call on him to set it forth in his answer. The complaint should state only the ultimate fact, and not the probative matters.

Curry County: MARTIN L. PIPES, Judge.

Defendant appeals. Affirmed.

*Cyrus Madden*, for Appellant.

*Reuben S. Strahan* (*S. H. Hazzard* on the brief), for Respondent.

PER CURIAM.—This is a suit in equity to determine an adverse claim to title under section 504, Hill's Code. To

maintain such a suit, the plaintiff must allege that he is in
possession of the premises, and that the defendant claims
an estate or interest therein adverse to him, and call upon
the defendant to set it forth in his answer:    *Goldsmith* v.
*Gilliland,* 10 Saw. 610 (22 Fed. Rep. 865); *Walton* v. *Perkins,* 10 N. W. Rep. 424.

The complaint is in the usual form.   The defendant
demurred to it on the ground that it does not state facts
sufficient to constitute a cause of suit.   The demurrer
having been overruled, he appealed, and his point of
contention is, that in suits in equity the probative facts
must be alleged.   But this is a mistake; it is the ultimate
facts and not the evidence that should be pleaded under
our code of procedure:   *Ely* v. *New Mexico R. R. Co.* 129
U. S. 291.

The decree is affirmed, and remanded for such further
proceedings as may be just and equitable.

---

[Argued Nov. 3, 1892; decided Nov. 14, 1892; rehearing denied Mar. 2, 1893.]