Decided 1 May, 1903.

**TOMASINI *v.* TAYLOR.**

[72 Pac. 324.]

INJUNCTION AGAINST TRESPASS—HIGHWAYS—REMEDY AT LAW.

Where a defence is made to a suit to restrain a continuing trespass on land that the place where the acts complained of were committed is a public highway, the suit at once becomes a proceeding to determine the existence of the alleged highway, and there is an adequate law remedy by an action for damages, so that equity should not attempt to settle the dispute.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is a suit by Alice M. Tomasini against M. M. Taylor and George E. Quiggle to enjoin a trespass. The complaint alleges, in substance, that the plaintiff is the owner and in possession of certain real property in Multnomah County; that the defendant M. M. Taylor owns a tract of land lying in an easterly

direction from the plaintiffs, and that the defendant George E. Quiggle is in possession of certain portions of such land; that for some time past the defendants have continuously, and without permission or license, entered upon and passed over plaintiff's land, with stock, wagons, and other vehicles, using the same as a roadway or means of travel to and from their premises; that they claim a right to so use the premises, adverse to the right and title of the plaintiff, and threaten to continue to so use them under such claim, and, if permitted, will entirely destroy plaintiff's estate and occasion irreparable damage to her. The answer denies some of the allegations of the complaint, and, as a further and separate defense, justifies the acts complained of on the ground that there is a public highway across the land of the plaintiff at the place where the alleged trespasses were committed. The reply put in issue the new matter in the answer, whereupon the evidence was taken, and upon the trial the complaint dismissed, on the ground that the remedy is at law and not in equity. From this decree the plaintiff appeals.                                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Wilson T. Hume.*

For respondent there was a brief and an oral argument by *Mr. Julius C. Moreland.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

This case, in our opinion, is on all fours with *Smith* v. *Gardner,* 12 Or. 221 (6 Pac. 771, 53 Am. Rep. 342), which was a suit to enjoin a trespass upon real property, wherein the defendant justified on the ground that the place where the trespass was committed was a public highway. The court held that the manifest object of the suit was to determine whether a highway existed across the lands of the plaintiff, and that equity did not have jurisdiction to try and determine that question, but plaintiff's remedy was at law. The same question is presented here, and it is a matter of no consequence that in the case cited the

42 OR.—37

highway was claimed by dedication, and in this by prescription. The decree of the court below is therefore affirmed.

AFFIRMED.