Decided 17 December, 1907.

## COOPER *v.* BLAIR.

92 Pac. 1074.

ADVERSE POSSESSION—ACQUISITION OF RIGHTS BY PRESCRIPTION.

1. Purchasers of a farm, under whom plaintiff and defendant respectively claimed, mutually agreed that one should take that part lying west of a certain road and south of another road, and the other purchaser the remainder. Before the deeds were made a survey was had. After the survey deeds were made to the purchasers, intending to use the description furnished by the surveyor, and the purchasers immediately entered into possession, and they and their successors in interest occupied the same without question for at least sixteen years, when it was discovered that, as defendant asserted, about twenty-three acres south of the road, and which had been in possession of plaintiff and his predecessors in interest, were included in the description of land conveyed to defendant's grantor, and she thereupon set up title to the same. *Held*, that the occupancy of plaintiff and his predecessors in interest gave him title by adverse possession, regardless of the descriptions in the deeds, and notwithstanding that because of error in the descriptions or in the calculation of the area, one of the purchasers paid for more land than she acquired and the other for less.

QUIETING TITLE—PLEADING—DEPARTURE.

2. In a suit under Section 516, B. & C. Comp., to determine an adverse claim to real estate, a reply setting up adverse possession, was no departure from the complaint, wherein it was alleged that plaintiff was the owner and in possession of the property, and that defendant claimed an adverse interest.

SAME—ADMISSIBILITY OF EVIDENCE.

3. In a suit to determine an adverse claim to real estate, wherein plaintiff claimed title by adverse possession, evidence by defendant to establish her ownership by common reputation, referring principally to discussions among her neighbors, is inadmissible.

From Marion: WILLIAM GALLOWAY, Judge.

Suit by W. C. Cooper to determine an adverse claim to real property. There was a decree for defendant, from which the plaintiff appeals.                    REVERSED: DECREE RENDERED.

For appellant there was a brief over the names of *McCain & Vinton* and *Mr. George G. Bingham,* with oral arguments by *Mr. McCain* and *Mr. Bingham.*

For respondent there was a brief and oral arguments by *Mr. William H. Holmes* and *Mr. Webster Holmes.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is a suit to determine an adverse claim to real estate. The plaintiff alleges that he is the owner, and in possession of the property in controversy, and that defendant claims an estate or interest therein adverse to him. The defendant denies

plaintiff's ownership and possession, and sets up title and possession in herself, and prays for a decree quieting her title. Plaintiff in his reply denies the averments of the answer, and alleges that he and his predecessors in interest have been in adverse possession for the statutory time. The defendant had decree in the court below, and plaintiff appeals.

1. There is no substantial controversy upon the important and controlling facts. In 1888 Joab Bealer was the owner of a farm of 360 acres in Yamhill County, which he sold to one David May and Mrs. McCormack, defendant's mother, for a certain sum per acre. By mutual agreement of the purchasers May was to take that part of the farm lying west of the Amity and Perrydale road and south of the Jellison road, and Mrs. McCormack the remainder. Before the deeds were made, a surveyor was employed to run out and establish the boundaries, and estimate the area of each tract. After the surveying was completed, and early in the spring of 1888, deeds were made by Bealer to the respective purchasers, intending to use the description furnished by the surveyor, and the purchasers immediately entered into possession of their several tracts, and they and their successors in interest have continued to occupy, cultivate and farm the same, without question, until about 1904, when it was discovered that, as defendant asserts, about 23 acres of the land south of the Jellison road, and which had been in the possession of May and his successors in interest since 1888, was included in the description of land conveyed by Bealer to her grantor. She thereupon set up title to such land, and attempted to take possession thereof, and the object of this suit is to determine the rights of the respective parties thereto.

The plaintiff claims that the land in controversy is within the description as contained in the deed from Bealer to May and subsequent conveyances, when properly interpreted. But we deem it unnecessary to consider that question. It is undisputed, however, that it was so intended by all the parties. The surveyor testifies that, when he came to establish the lines, he was informed by both of the purchasers that the Jellison road

was to be the dividing line, and in making the survey in which he was assisted by May and the agent of Mrs. McCormack, he intended to, and did, follow such road; and in this he is corroborated by May, the only other witness testifying upon the subject.

Immediately upon the making of the deed to him, May went into possession of the land south of the Jellison road, and he and his successors in interest have ever since been in the open, notorious, exclusive and continuous possession thereof, claiming the title. May says he lived on the place himself for 16 years, and always understood that his land extended to the Jellison road, and that he improved and cultivated up to that line. The defendant, who succeeded to Mrs. McCormack's title in May, 1888, and has ever since lived within a short distance of the land in controversy, says that she supposed all her land was north of the Jellison road until two or three years ago, and that she knew May and his grantees were occupying and claiming title to all the land south of the road and she made no objection thereto.

It is clear, therefore, that the occupancy of plaintiff and his predecessors in interest has been such as to give him title by adverse possession, regardless of the description in the deeds, under which he holds, and this is all that is necessary for the purposes of this suit. This is not, as counsel for defendant argues, a case of a mere disputed boundary, nor that of the occupancy of land under a mistake as to the true boundary. There was no mistake as to the actual boundary of the land purchased and occupied by May and his successors in interest, and to which they claimed title. The mistake, if any, was in the description in their deeds, and not in the land intended to be conveyed. Nor was possession taken in accordance with the description contained in the deeds, but the deeds were intended to describe the land actually occupied, and a mistake therein could not affect the character of the occupancy. Nor is the fact that because of an error in the description or in the calculation of the area, one of the purchasers paid for more land than she

acquired title to, and the other for less, material in determining the question of title. If defendant's predecessor in interest purchased a certain definite tract of land, and by mistake paid for more than she purchased, she may have had a claim against her grantor to recover the overplus, but it would not give her title to any part of the land sold to May, nor would the fact that May did not pay for all the land he purchased defeat his title or transfer it to another.

2. A claim is made that, because plaintiff did not set up adverse possession in his complaint, he could not show it on the trial, and that his reply is for that reason a departure. But it is not necessary for a plaintiff proceeding under Section 516, B. & C. Comp., to determine an adverse claim to real estate to plead the source of his title. It is sufficient if he alleges his ownership and possession, and that defendant claims an interest or estate adverse to him: *Zumwalt* v. *Madden,* 23 Or. 185 (31 Pac. 400). Under such a complaint, he may prove his title, if it is controverted in any manner authorized by law, and proof of adverse possession for the statutory time will be sufficient: *Joy* v. *Stump,* 14 Or. 361 (12 Pac. 929); *Barrell* v. *Title Guarantee Company,* 27 Or. 77 (39 Pac. 992).

3. The defendant sought to prove her ownership of the disputed premises by common reputation. This evidence referred principally to discussions among her neighbors, after the alleged error in the description was discovered, and was not evidence of title (*Sample* v. *Robb,* 16 Pa. St. 305); and as said by the Supreme Court of Michigan in a somewhat similar case, did not "have any bearing upon the character of the occupancy of the parties, as affecting the question of adverse possession. The adverse possession is evidenced by the manner of holding of the occupant and not by the opinions of the neighborhood": *Atwood* v. *Conrike,* 86 Mich. 105 (48 N. W. 950).

The decree of the court below will therefore be reversed, and one entered here as prayed for in the complaint.

REVERSED.