Argued May 6, affirmed June 8, rehearing denied July 6, 1915.

## GILKEY *v.* MURRAY.

(149 Pac. 521.)

From Malheur: DALTON BIGGS, Judge.

In Banc.   Statement by MR. JUSTICE HARRIS.

This is a suit by Allen Gilkey and Angie Gilkey, substituted as plaintiffs for James M. Sweitzer and Etta Sweitzer, against Alexander Murray, Jennie Murray, Adam Murray, William Murray and Malcolm Moody to quiet title to land known as the Zack Smith ranch, described as follows:

The southwest quarter of the southeast quarter of section 15, and the north half of the northeast quarter and the southwest quarter of the northeast quarter of section 22 in township 19 south, range 37 east, Willamette Meridian, in Malheur County.

Except as to the description of the land the pleadings tell the same stories that are narrated in *Mascall v. Murray,* and the facts are identical with the last-mentioned case, except that in the instant controversy actual possession by the Gilkeys and their predecessors is more pronounced and extends over a longer period of time.   The Zack Smith ranch was attached in the same action at law, was included in the same sale on execution, and was covered by the same certificate of sale.   The only difference between the two cases is found in the circumstances of the possession and use of the land after 1891.   The Circuit Court decreed that Allen Gilkey and Angie Gilkey were the owners of the land, and the Murrays appealed.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief with oral arguments by *Mr. William H. Brooke* and *Mr. Ralph W. Swagler.*

For respondents there was a brief over the names of *Mr. J. E. Marks* and *Mr. Errett Hicks,* with an oral argument by *Mr. Marks.*

MR. JUSTICE HARRIS delivered the opinion of the court.

Mascall and Jackson rented the Zack Smith ranch to A. J. Whisman in 1894. When Whisman took possession of the land the fences were down; he repaired the fences, and after living there about three years he sold his interest to Joe Juaquin, who lived on an adjoining ranch. Juaquin took the crops and used the premises about one year. W. R. Mascall and Annie Jackson, on September 1, 1899, deeded the Zack Smith ranch to Henry A. Smith, who on July 9, 1906, conveyed it to James M. Sweitzer, who in turn transferred the property to Allen Gilkey and his wife, Angie Gilkey, by a deed dated May 12, 1909. In the order already mentioned each grantee lived on the premises until making a conveyance to his successor, and the Gilkeys were still in possession at the time of the trial. The Murrays did not, at any time after 1891, have the actual possession of any part of the Smith ranch, although in the winter of 1901, referred to as the "hard winter," the Murrays bought and hauled some hay from the Thompson ranch and fed it on the Zack Smith ranch to some sheep, which they kept there about two months, probably with the consent and permission of Henry A. Smith, who was living on the place at the time. The Murrays knew that

the Gilkeys and their predecessors claimed to own the land, and the defendants did not assert any claim to the premises until the commencement of this suit. While the continuity of the possession was debated, it being claimed that there was a break between the departure of Whisman and the coming of Henry A. Smith, still the evidence inclines much more strongly toward the conclusion that the possession was uninterrupted; but even if there was an absence of continuity, the principles announced and applied to the cognate case of *Mascall* v. *Murray, ante,* p. 637 (149 Pac. 517), govern and control the decision of the instant controversy, with the result that the decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.