Argued at Pendleton May 3, reversed June 1, rehearing denied July 20, 1920.

## BOSTWICK *v.* HOSIER.

### (190 Pac. 299.)

**Eminent Domain—Lot Owners have Interest in Streets Giving Access Which cannot be Taken for Private Use.**

1. Owners of lots who purchased their property with reference to a plat, designating certain streets giving access thereto, have a usufruct in the streets which cannot be taken from them for private use by vacating a portion of the street, regardless of the ownership of the fee in the streets.

**Municipal Corporations—Lot Owners in Adjoining Blocks can Prevent Partial Vacation of Streets.**

2. Owners of lots, in blocks adjacent to streets which it was proposed partially to vacate for private use, suffer an injury different from that to the general public, and can prevent such vacation, though no part of the street touching their lots was included in that vacated.

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

In Stewart's Addition to Baker, Oregon, Tenth Street runs north and south between blocks 4 and 5. Crossing it at right angles, beginning on the north,

are Church Street, Center Street, and Jackson Street, each running east and west. Center Street appears to have been laid out through the blocks mentioned after they were platted.

The defendant Hosier is the owner of lot 1 and a fractional part of lot 2 in block 5, lying at the northeast corner of Tenth and Jackson Streets. On his petition, the legislative authorities of the city passed an ordinance purporting to vacate for his private use a part of Tenth Street in front of his premises on the east and part of Jackson Street on the south. Substantially the part sought to be vacated is a strip 10 feet wide on Tenth Street and another 16 feet wide on Jackson Street.

The plaintiffs are owners of property fronting on Tenth Street. Ayre and Sherman also front on Center, and Bostwick on Jackson. They have brought this suit to enjoin the vacation of that portion of the streets mentioned. They aver that the purported ordinance was passed without their consent and without the city's having obtained jurisdiction to enact such legislation; that no benefit will come to the city or any of its inhabitants therefrom; and that the proposed vacation of the parts of said streets is solely for the private benefit of the defendant Hosier.

The answer admits the municipal character of the city, the official position of the commissioners, and the passage of the ordinance, which was spread upon the deed records of Baker County, but denies all other allegations of the complaint. The Circuit Court passed a decree dismissing the suit, and the plaintiffs appeal.          REVERSED. REHEARING DENIED.

For appellants there was a brief and an oral argument by *Mr. O. B. Mount.*

For respondents there was a brief over the names of *Messrs. Smith & Smith* and *Mr. W. H. Strayer,* with oral arguments by *Messrs. Smith & Smith.*

BURNETT, J.—1. The defendants contend that the plaintiffs were not concerned in the proceeding to vacate the portion of the streets mentioned because their property was not contiguous to the part to be vacated, and that the defendant Hosier was the only owner to be considered in the proceeding mentioned, because his was the only property that touched the strips to be vacated. It is apparent from the record that the parties bought the properties mentioned with reference to the plat of Stewart's Addition. In other words, with their purchase they acquired at least the usufruct of the adjacent streets. It is axiomatic, as well as constitutional, that private property cannot be taken for private use. As early as the case of *Willamette Iron Works* v. *Oregon R. & N. Co.,* 26 Or. 224 (37 Pac. 1016, 46 Am. St. Rep. 620, 29 L. R. A. 88, 1 Am. & Eng. R. Cas. (N. S.) 36), the question of occupancy of streets was under consideration, and the following language was used by Mr. Chief Justice ROBERT S. BEAN, delivering judgment:

"But there is a limitation to legislative or municipal power over a street, which cannot be exceeded without invading the constitutional rights of abutting owners. An abutting proprietor is entitled to the use of the street in front of his premises to its full width as a means of ingress and egress, and for light and air, and this right is as much property as the soil within the boundaries of his lot; and therefore any impairment thereof or interference therewith, caused by the use of the street for other than legitimate street purposes, is a taking within the meaning of the Constitution, whether the fee of the street is in the abutting owner or not."

This principle is well fortified by the precedents cited in the opinion.

A similar doctrine was announced in *Sandstrom* v. *Oregon-Wash. R. & N. Co.*, 75 Or. 159 (146 Pac. 803), where the defendant had fenced off a street which ran in front of the plaintiff's premises and made a deep and impassable cut across the street, although not immediately opposite the holding of the plaintiff. Likewise, in *Tooze* v. *Willamette Valley Southern Ry. Co.*, 77 Or. 157 (150 Pac. 252), where the defendant proposed to build a high trestle along the street in front of the plaintiff's premises, the principle was laid down that the right of the plaintiff in the street could not be interfered with in the absence of condemnation proceedings. The doctrine is discussed also in *Kurtz* v. *Southern Pacific Co.*, 80 Or. 213 (155 Pac. 367, 156 Pac. 794), where the defendant undertook to lay a railway track immediately in front of the plaintiff's premises without his consent. A similar principle is announced in *Johnson* v. *Jeldness,* 85 Or. 657 (167 Pac. 798, L. R. A. 1918A, 1074). See, also, *Sloss-Sheffield S. & I. Co.* v. *Johnson,* 147 Ala. 384 (41 South. 907, 119 Am. St. Rep. 89, 11 Ann. Cas. 285, 8 L. R. A. (N. S.) 226, and note).

2. Although the plaintiffs do not own the property immediately opposite the ground it is proposed to vacate, yet most of them have holdings in the next adjacent blocks, so that their situation differs only in degree from that of the opposite abutter. The accessibility of their premises is *pro tanto* impaired, which constitutes an injury to them not suffered by the general public.

In several of these cases the defendants were public service corporations entitled to exercise the right of eminent domain, under which, after having had his day in court and an opportunity to be heard, the

plaintiff could have been compelled to surrender his property upon adequate compensation first assessed , and tendered.   Here the proposal is to abandon parts of the streets for the private interest of one of the defendants, and not for any public purpose.   The property rights of the plaintiffs cannot be thus invaded. If the rights of abutting owners in a street cannot be taken without condemnation at the suit of a public service corporation, much more can they not be impaired in the interest of a private owner.   The Circuit Court was in error in dismissing the bill, and a decree will be here entered according to the prayer of the complaint.        Reversed.   Decree Entered.

Mr. Justice Johns was present at the hearing, but did not participate in this decision.

Mr. Justice Bennett dissents.