Argued March 17; reversed and remanded April 13; rehearing denied May 11, 1948

# DU VAL *v.* MILLER

192 P. (2d) 249. 192 P. (2d) 992

*Mark V. Weatherford,* of Albany, argued the cause

for appellant. On the brief were Weatherford & Thompson, of Albany, and M. C. Moynihan, of Sweet Home.

*Harlow L. Weinrick,* of Albany, argued the cause for respondents. With him on the brief were Morley & Thomas, of Lebanon.

Before Rossman, Chief Justice, and Belt, Bailey, Brand and Hay, Justices.

ROSSMAN, C. J.

This is an appeal by the defendant from a decree of the circuit court which held that the plaintiffs, husband and wife, are the owners of the real property which is the subject matter of this suit. The latter was instituted for the purpose of gaining an adjudication that the plaintiffs (respondents) are the owners of the property just mentioned. Although the complaint describes a tract 280.5 feet long and 74.05 feet wide at one end and 77.20 feet at the other, the ownership of the entire tract is not in dispute. The only part in controversy is a strip 280.5 feet long and 4.05 feet wide at one end and 7.20 feet at the other. That strip is the northern extremity of the tract mentioned in the complaint and constitutes the most southerly fraction of Lot 8, Block 3, Nye's Addition to the city of Sweet Home. The remaining part of the land described in the complaint, being a rectangular piece 280.5 feet by 70 feet, is unplatted property and is directly south of

and adjacent to the contested strip. The appellant concedes that the respondents own it. The disputed strip (280.5 feet long, 4.05 feet wide at one end and 7.20 feet at the other) is, as we said, the southerly extremity of Lot 8 and is immediately north of the rectangular tract which, the appellant admits, the respondents own. Lot 8 is 280.5 by 50 feet in dimensions. The appellant purchased it from her parents in December, 1940, and it is conceded that their deed conveyed to her title to the entire lot, including the disputed strip, unless those from whom the respondents purchased the rectangular tract had previously won title to the disputed strip by adverse possession. The grantors of the respondents were Owen R. Duncan and Alta M. Duncan. The respondents contend that the Duncans won title to the disputed strip by holding its possession adversely for more than ten years. The appellant, besides denying that the respondents own the disputed strip, prays for a decree quieting her title to Lot 8, of which the disputed strip is a part.

The appellant presents three attacks upon the challenged decree. In the first she urges that the complaint's averment that the respondents "are the owners and in sole, actual and exclusive possession of the following described real property" did not warrant the reception of evidence showing that the Duncans gained title by adverse possession. The second is based upon a contention that the evidence does not warrant a finding that title was won by adverse possession. Finally, the appellant urges that the decree should have held that she is the owner of the disputed strip.

■ In *Mascall v. Murray*, 76 Or. 637, 149 P. 517, 149 P. 521, this court said:

"In a suit to quiet title it is not necessary for

the complaint to divulge the chain of title, or to reveal the probative facts, but it is sufficient if it appears from the pleadings that the plaintiffs own some substantial interest which is named, and the title may be shown in any manner authorized by law: Zumwalt v. Madden, 23 Or. 185 (31 Pac. 400); Cooper v. Blair, 50 Or. 394, 397 (92 Pac. 1074); Savage v. Savage, 51 Or. 167, 170 (94 Pac. 182). The allegation of ownership in fee was alone sufficient to enable proof of title by adverse possession: * * *."

The opinion cites many cases in its support and represents the general rule: Phillips on Code Pleading, § 323; 2 C. J. S., Adverse Possession, § 209, page 809; and 44 Am. Jur., Quieting Title, § 79, page 63. *Reeves v. Porta,* 173 Or. 147, 144 P. 2d 493, *Laurance v. Tucker,* 160 Or. 474, 85 P. 2d 374, and *Anderson v. Richards,* 100 Or. 641, 198 P. 570, contain dicta indicating that a party who acquired title by adverse possession and who prays for a decree quieting his title must allege, step by step, the means whereby he gained title. The dicta is disapproved and must be deemed withdrawn. We observe that § 8-203, O. C. L. A., which is applicable to actions for trespass, says:

"The plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years, * * *."

We are satisfied that an averment of ownership suffices. The first contention is without merit.

We come now to the second contention. As we said, it is conceded that the respondents are the owners of a tract, rectangular in shape, 280.5 by 70 feet, comprising a part of the land mentioned in the complaint. Since that tract was a part of an unplatted area, the deed to the Duncans and the one from them to

the respondents described it by metes and bounds. The former was signed March 16, 1929, and the other August 29, 1941. The grantors of the Duncans were M. J. and Alta Nye. Omitting mention of the beginning point, both deeds described the property thus:

" * * * running thence West Seventeen rods; thence North Seventy feet; thence East Seventeen rods; thence South Seventy feet, * * *."

The deed of August 29, 1941, is the only one which the respondents possess. They have no other source of title, and do not contend that they themselves acquired title to the disputed strip by adverse possession. It is seen that both deeds described only the rectangular tract and that the description does not include the disputed strip. Neither deed employed the description recited in the complaint.

About the time of the execution of the deed from the Nyes to the Duncans a fence stood on Lot 8, a few feet north of the north line of the rectangle. Roughly speaking, it paralleled the north line of the rectangular tract. At the west end of the tract the fence was 7.20 feet north of the north line of the tract and at the east end it was 4.05 feet north of the line. The space between the north line of the rectangle and the fence is the strip in dispute.

The respondents contend that their predecessors in title, the Duncans, upon receiving the deed to the rectangular tract, took possession, not only of everything described in the deed, but also of the strip which is in dispute. In other words, according to them, the Duncans took possession of the area right up to the fence. They also contend that the Duncans, or tenants who occupied the property, maintained occupancy up to the fence until the property was purchased in 1941 by the respondents. In that way, according to the

respondents, the Duncans acquired title to the disputed strip.

■ It is clear that the only land which the Duncans conveyed to the respondents is the rectangular parcel 280.5 by 70 feet. That is the only tract which their deed describes. If the Duncans, by adverse possession, expanded their holdings until the latter achieved the size mentioned in the complaint, that availed the respondents nothing since the deed to them conveyed nothing which the purported prescription had won. The deed signed by the Duncans does not employ the description recited in the complaint; it uses exactly the same description found in the deed which the Nyes signed and which made the Duncans grantees. We are satisfied that the respondents have failed to prove title in themselves to the disputed strip.

■ We come now to the contention of the appellant that she is entitled to a decree declaring her owner of the disputed area. It appears from the record that Mr. Duncan is dead, but Mrs. Duncan and children born of the union appear to be living. They are not parties to this suit and, hence, no adjudication can be made that they have no title to the disputed strip.

The relief sought by the appellant is governed by § 9-1001, O. C. L. A., which authorizes suits of this character when the property is not "in the actual possession of another." The evidence shows that the north wall of the respondents' home extends 0.20 feet into the disputed strip and that the cornice of the house protrudes into the area 2.40 feet. About half of a shed which the respondents own and use for a garage stands in the area. Three-fifths of the disputed strip is used for a driveway for access to the shed. The appellant, who freely conceded that the respondents constantly used the strip, testified: "Yes, they were

using it." In view of the fact that the disputed area is, in part at least, in the actual possession of the respondents, the appellant is not entitled to any relief in this proceeding: *McLeod v. Lloyd,* 43 Or. 260, 71 P. 795, 74 P. 491.

The decree of the circuit court is reversed. It is true that the decree adjudicates that the respondents are the owners of the rectangular area which we have described. However, they needed no declaration of their rights to that tract because no one disputed their ownership. Since the respondents failed to present any evidence showing themselves to be the owners of the disputed strip, they are not entitled to a decree declaring them to be the owners. The appellant is entitled to no relief as to the Duncans because the latter are not parties to this suit. She is entitled to no relief against the respondents because the latter have possession of the disputed tract.

The cause is remanded to the circuit court with instructions that it vacate its decree and dismiss the suit.

HAY, J., did not participate in this decision.

On petition for rehearing, filed May 3, 1948.

PETITION DENIED.

ROSSMAN, C. J.

The respondents filed a petition for a rehearing which contends that our opinion erred:

"1. In disregarding the established principles of tacking possession and privity of agreement to pass title acquired by adverse possession.

"2. In assuming that the only manner in which title of a tract of land may be transferred is by written conveyance particularly describing the boundaries of the area.

"3. In failing to find that the Duncans had by

adverse possession acquired title to the land in dispute and by privity of contract passed such title to the respondents.

"4. In disregarding respondents' second cause of suit for injunctive relief against the admitted trespasses of appellant and those claiming by, through and under her."

When we wrote the opinion which is questioned by the petition for a rehearing, we did not know that the respondents invoked the rule which permits an adverse possessor to tack his possession on to that of a previous adverse possessor, if privity existed between the two. That rule was not mentioned in the respondents' brief. We had no thought of detracting from anything said in *West v. Edwards,* 41 Or. 609, 69 P. 992, and *Vance v. Wood,* 22 Or. 77, 29 P. 73, which are cited in a brief which accompanies the petition for rehearing. The authority of those decisions remains unimpaired.

In writing our previous decision we interpreted the respondents' position as being that (1) the Duncans won title to the disputed strip by adverse possession which began in 1929 or 1930 and extended for a little more than ten years, and (2) the Duncans conveyed the title which they had won to the respondents by a deed executed August 29, 1941. The impression which we then had has been confirmed by a re-reading of the respondents' brief. It argues that the Duncans maintained hostile, exclusive, notorious possession, but employs no similar language when it refers to the respondents. It says:

"From all of the foregoing it is respondents' contention that the evidence clearly proves that Owen Duncan took ownership of the strip of land in question under claim of right and ownership in 1929 * * *. His acts of ploughing the land to

the fence line; building his permanent residence several feet over the deeded line; building a garage up to the fence line; graveling and using the driveway up to the fence line, all constituted such acts of adverse occupancy as would require Mr. Nye to take steps to establish his rights in that strip of land, if any he had, during the ten year following.

"Those acts were of continuous nature and gave rise to a cause of action in Mr. Nye to protect his rights, if any he had, every day of the ten year period from the time Duncan took possession. * * * The acts were under a claim of ownership and right and at the end of the ten year period in 1939 or 1940 at the latest (and certainly prior to 1941 when they conveyed to DuVals) that adverse possession had ripened into a title in fee in Owen Duncan and wife against all the world."

From those statements we inferred that the respondents claimed that before they purchased from the Duncans, the latter had acquired title by adverse possession.

By reverting to the contention which a previous paragraph of this opinion quotes from the petition for a rehearing, and which is preceded by the numeral 3, it will be seen that the respondents still claim that their title to the disputed strip was derived by (1) adverse possession maintained by the Duncans and (2) a purchase from the Duncans. Under those circumstances, we know of no occasion for discussing the rules which control tacking and the transfer by an adverse possessor of property which is unmentioned in his deed. Moreover, we are satisfied that shortly after the respondents received their deed, the appellant asserted title to the disputed strip and the right to its possession. For instance, in 1941 or 1942, the appellant destroyed a large part of the fence which our

previous opinion mentions, and, in company with her father, showed the respondents the surveyor's stakes which marked the true boundary line. Sometime after the appellant obtained her deed, she built her home upon her lot so close to the line that the eaves overhang the disputed area. About the same time she began to use a part of the disputed strip for the passage of vehicles. Without mention of other incidents, we express the belief that if the possession of the Duncans was of the character required by the rules which give effect to adverse possession, the respondents' possession did not come up to that standard. It was not exclusive.

The petition for a rehearing is denied.

HAY, J., did not participate.