Argued October 31, reversed and remanded November 16,
petition for rehearing denied December 21, 1955

# LAMFORD LUMBER COMPANY *v.* LEMONS ET AL

289 P. 2d 684
291 P. 2d 733

*Roy Kilpatrick* and *Michael S. Mogan* of Canyon City argued the cause for appellant. With them on the brief were Rob't D. Lytle and W. F. Schroeder of Vale.

*Harold Banta* of Baker argued the cause for respondent. On the brief were Yokom & Campbell of John Day, and Banta, Silven & Horton of Baker.

Before WARNER, Chief Justice, and TOOZE, BRAND and PERRY, Justices.

PERRY, J.

The plaintiff commenced a suit against the defendants, and in its complaint alleged the following:

"I

"That the plaintiff, Lamford Lumber Company, is, and has been at all times material herein, an Oregon corporation, duly organized and authorized to do business in the State of Oregon.

"II

"That the plaintiff is the owner of certain timber and logs now located on the NE ¼ and the N ½ of the SE ¼ of Section 17 in Twp. 14 S., R. 30 E., W.M., located in Grant County, Oregon.

"III

"That the only means by which the timber and logs located upon the above-described real property can be transported to plaintiff's mill at Mt. Vernon, Oregon, is over and upon that certain public road running from Mt. Vernon, Oregon, across Sections 28, 29 and 32 in Twp. 13 S., R. 30 E., W. M., and Sections 4, 9 and 8 in Twp. 14 S., R. 30 E., W. M.; and that said road as it runs across said Sections has been used by the general public and adversely to the owners of the land upon which the same runs, for a period of more than 20 years.

"IV

"That the defendants are in possession and control of portions of the land upon which said road is located.

## "V

"That the defendants have wrongfully, maliciously, wilfully and unlawfully prevented the public use of the road here in question, and have placed locks upon certain gates, making it impossible for the plaintiff to haul its logs to its mill, and that if defendants are allowed to persist in this course of conduct, the plaintiff will be unable to haul its logs which are now cut, which will cause them to become spoiled and useless, and will interrupt the lumber and logging activities of the plaintiff, causing it great and irreparable damage which cannot be compensated in money.

## "VI

"That the plaintiff has no plain, speedy or adequate remedy at law, and therefore brings this suit in equity."

The prayer was for the equitable relief of injunction.

The defendants demurred to the plaintiff's complaint "for the reason that the same fails to state sufficient facts to constitute a cause of suit against the defendants or any of them."

The trial court overruled the defendants' demurrer, and, the defendants refusing to plead further, judgment was entered for the plaintiff. Defendants have appealed from the trial court's ruling upon the demurrer, and the judgment thereafter entered.

■ It is now firmly established as a rule of law of this state that when the sufficiency of a complaint is in the first instance tested by a demurrer the language therein used to state the pleader's case is to be construed strongly against the pleader, and facts not alleged are not presumed. *Windle, Adm'x, et al., v. Flinn et al.,* 196 Or 654, 662, 251 P2d 136.

Plaintiff's complaint in this case must be considered with the above rule in mind.

Defendants argue that the complaint is insufficient because it alleges only that a public road exists by "adverse use" without setting forth the elements or facts necessary to establish adverse use. The plaintiff answers that it is unnecessary to set forth these elements since under an allegation of ownership of real property in fee any title may be proven, including adverse possession; citing *Anderson v. Richards,* 100 Or 641, 198 P 570, *Smith v. Algona Lumber Co.,* 73 Or 1, 136 P 7, 143 P 921, *Hamm v. McKenny,* 73 Or 347, 144 P 435, and *Neal v. Davis,* 53 Or 423, 99 P 69, 100 P 212.

The above cases relied upon by the plaintiff correctly state the law, but are not analogous to the present situation. In the matter before us, the plaintiff has attempted to say that a public way has been established, not by recognized public authority or dedication, but by adverse use. In other words, the plaintiff has elected to set forth the manner in which it as a member of the public has obtained a right over and across the lands described in its complaint. In the cases cited and relied upon by the plaintiff, the parties did not elect to set forth the manner in which they acquired title.

■ We have often said that where title to real property is claimed by prescription it is necessary to plead and prove the elements necessary to establish the resulting transfer of title to the claimant. *Reeves et al. v. Porta,* 173 Or 147, 144 P2d 493.

■ The necessary facts to be proven to establish an easement by adverse use are *substantially* the same as those which will pass the fee title to real estate. They must be adverse to the rights of the true owner under claim of right or color of title, continuous, and uninterrupted for the statutory period of time, with the knowledge and acquiescence of the owner. Permissive use

no matter how long continued is not adverse, and if proven, denies a way by prescription. See *Feldman et ux. v. Knapp et ux.,* 196 Or 453, 250 P2d 92; *Parrott v. Stewart,* 65 Or 254, 132 P 523.

■ It, therefore, follows that when the pleader elects to state a cause of action based upon adverse user, the factual elements, which if proven will result in proof of the easement, must be pleaded.

The defendants also contend that a suit to restrain a trespass cannot be used as a substitute to determine the existence of a public highway; citing *Smith v. Gardner,* 12 Or 221, 6 P 771, *Tomasini v. Taylor,* 42 Or 576, 72 P 324, and *Van Buskirk v. Bond,* 52 Or 234, 96 P 1103; and if the act complained of consisted of no more than a single non-continuing trespass, the rule would still apply.

■ However, the strict rule contended for by the defendants, and as expressed in the cited cases, where there is repeated or continuing trespasses no longer prevails in this jurisdiction. The fact that the existence or nonexistence of a public highway may be involved does not of itself deny a court of equity jurisdiction to grant full injunctive relief. Whenever it appears the remedy at law is inadequate, equity will grant injunctive relief even though the existence or nonexistence of a highway is in issue. *Stotts v. Dichdel,* 70 Or 86, 139 P 932.

■ The defendants also contend that the complaint is defective in that it fails to state that by reason of the actions of the defendants the plaintiff is suffering some damage or injury differing in kind from that suffered by the general public. When all access to property is denied, whether the property abuts directly upon a roadway or not, an injury is suffered differing

in kind from that suffered by the general public. *Bostwick v. Hosier,* 97 Or 125, 128, 190 P 299.

The plaintiff's complaint does not say that access to its property is denied by the actions of the defendants; it only states that it is unable to haul logs to its mill at Mt. Vernon upon the public road.

■ This cause is reversed and remanded with directions to the trial court to set aside the judgment entered and to sustain defendants' demurrer.

Neither party shall recover costs in this court.

**ON REHEARING**

On Petition for Rehearing

*Yokom & Campbell,* John Day, and *Banta Silven & Horton,* Baker, for the petition.

*Lytle, Kilpatrick & Schroeder* and *Michael S. Mogan,* Canyon City, contra.

Before WARNER, Chief Justice, and TOOZE, BRAND and PERRY, Justices.

PERRY, J.

The plaintiff by its petition for a rehearing states we erred when we cited *Reeves et al. v. Porta,* 173 Or 147, 144 P2d 493, as authority for our statement:

"We have often said that where title to real property is claimed by prescription it is necessary to plead and prove the elements necessary to establish the resulting transfer of title to the claimant."

for the reason that in *Du Val v. Miller,* 183 Or 287, 289, 192 P2d 249, 192 P2d 992, we said:

" 'In a suit to quiet title it is not necessary for the complaint to divulge the chain of title, or to reveal the probative facts, but it is sufficient if it appears from the pleadings that the plaintiffs own some substantial interest which is named, and the title may be shown in any manner authorized by law: Zumwalt v. Madden, 23 Or 185 (31 Pac. 400); Cooper v. Blair, 50 Or. 394, 397 (92 Pac. 1074); Savage v. Savage, 51 Or. 167, 170 (94 Pac. 182). The allegation of ownership in fee was alone sufficient to enable proof of title by adverse possession: * * *.' [*Mascall v. Murray,* 76 Or 637, 149 P 517, 149 P 521].

The opinion cites many cases in its support and represents the general rule: Phillips on Code Pleading, § 323; 2 C. J. S., Adverse Possession, § 209, page 809; and 44 Am. Jur., Quieting Title, § 79, page 63. Reeves v. Porta, 173 Or. 147, 144 P. 2d 493, Laurance v. Tucker, 160 Or 474, 85 P. 2d 374, and Anderson v. Richards, 100 Or. 641, 198 P. 570,

contain dicta indicating that a party who acquired title by adverse possession and who prays for a decree quieting his title must allege, step by step, the means whereby he gained title. The dicta is disapproved and must be deemed withdrawn.''

A study of these opinions will show that no conflict exists when the law of each case is applied to the facts therein. *Du Val v. Miller,* supra, reiterates the established rule of this jurisdiction that whenever an owner of land alleges in his petition that he is the owner, he may prove his derivation of title by adverse possession, absolute conveyance, or gift; on the other hand, as in *Reeves v. Porta,* supra, if instead of alleging ownership a party avers his right of ownership by adverse possession, he must set forth the elements necessary to constitute such derivation of title.

The petition for rehearing is denied.