Submitted on briefs December 19, 1973, affirmed March 7, petition for rehearing denied March 27, 1974

PALLIES ET AL, *Respondents, v.*
DURAND ET UX, *Appellants.*
519 P2d 374

Glenn D. Ramirez of Ramirez & Hoots, Klamath Falls, filed a brief for appellants.

No appearance contra.

O'CONNELL, C. J.

This is a suit to quiet title filed by several plaintiffs some of whom had property interests separate and distinct from the others. Defendants demurred to the complaint on the ground of misjoinder of parties plaintiff. The demurrer was overruled and defendants refused to plead over. They now appeal from a judgment entered for plaintiffs.

Paragraph I of the complaint alleges that plaintiff Leona Pallies is the owner of the East half of the North half of Lot 1. Paragraph III alleges that plaintiffs Cecil and Lucy Finney are owners of the West 27 feet of the North 76.5 feet of Lot 1. The complaint then alleges that defendants claim some interest in all of Lot 1 through the assignment of a contract to them. It is alleged that the assignment was recorded on April 22, 1965.

The demurrer to the complaint on the ground of misjoinder of parties was not well taken. ORS 13.150 permits joinder when there is a defect or cloud on the title to real property which affects more than one parcel separately owned.[1]

---

[1] ORS 13.150 provides: "In suits and actions relating to the title to real property or the right to the possession thereof, owners in common taking their titles directly by the same written instrument or by inheritance directly from the same common ancestor may be joined as plaintiff or defendant, as the case may be. In case a defect in, or cloud on, the title to real property affects more than one parcel thereof separately owned, the owners may be joined as parties plaintiff or defendant in any suit to quiet title to the parcel owned by each. This section shall not cut off any right of joinder of parties which otherwise existed heretofore."

See also ORS 105.605.

■ Defendants also assign as error the denial of their motion to require plaintiffs to make the complaint more definite and certain by setting out the source and date of the title which plaintiffs allege is superior to that of defendants. Defendants make this argument not simply on the ground that greater specificity was necessary to make it possible for defendants to adequately prepare their case, but on the ground that the failure to set out these facts makes the complaint demurrable for failure to state facts sufficient to constitute a cause of action. The contention is without merit. As we have explained in more detail in *Mekulich v. Liddycoat*, 268 Or 160, 519 P2d 378 (1974), decided this day, the source and date of the acquisition of the plaintiffs' title need not be alleged in the complaint to state a cause of action.[2]

The decree of the trial court is affirmed.

---

[2] City of North Bend v. County of Coos, 259 Or 147, 485 P2d 1226 (1970); Lamford Lumber Co. v. Lemons, 206 Or 140, 289 P2d 684, 291 P2d 733 (1955); Du Val v. Miller, 183 Or 287, 192 P2d 249, 192 P2d 992 (1948); Mascall v. Murray, 76 Or 637, 149 P 517, 149 P 521 (1915); Neal v. Davis, 53 Or 423, 99 P 69, 101 P 212 (1909); Savage v. Savage, 51 Or 167, 94 P 182 (1908); Cooper v. Blair, 50 Or 394, 92 P 1074 (1907); Zumwalt v. Madden, 23 Or 185, 31 P 400 (1892).