**Donald Gene BOAG, Plaintiff-Appellant,**

**v.**

**CHIEF OF POLICE, CITY OF PORTLAND, and City of Portland, Oregon, Defendants-Appellees.**

**No. 80–3465.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1982.

Decided Feb. 18, 1982.

Rehearing and Rehearing En Banc Denied April 20, 1982.

Donald Gene Boag, pro se.

Rhona Wolfe-Morse, Portland, Or., for defendants-appellees.

Before BROWNING, Chief Judge, WALLACE and BOOCHEVER, Circuit Judges.

PER CURIAM:

Boag was convicted of a misdemeanor in Portland Municipal Court on July 1, 1963, and served three months of a six months sentence. On April 12, 1974, an Oregon Circuit Court vacated and set aside the 1963 conviction. The Court gave no reasons for its decision, but Boag contends he had argued that because he had been tried without counsel or waiver of his right to counsel the 1963 conviction violated his Sixth Amendment right to counsel under *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (applying *Gideon* to misdemeanors) and *Berry v. Cincinnati*, 414 U.S. 29, 94 S.Ct. 193, 38 L.Ed.2d 187 (1973) (making *Argersinger* retroactive). On May 23, 1980, Boag filed this civil rights complaint under 42 U.S.C. § 1983 alleging he had been falsely imprisoned because the 1963 conviction was unconstitutional.

The district court dismissed on the ground that since the complaint was filed more than 17 years after Boag's conviction and imprisonment, the action was barred by the six year Oregon statute of limitations, O.R.S. § 12.080(2).

The parties agree that the six year period of limitations established by O.R.S. § 12.080(2) applies to § 1983 actions.* *Clark v. Musick*, 623 F.2d 89, 92 (9th Cir. 1980). The parties differ as to when the cause of action accrued. The answer is controlled by federal law, *Gowin v. Altmiller*, 663 F.2d 820 at 822 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855

---

* Subsequent to the parties' briefing, this court held in *Kosikowski v. Bourne*, 659 F.2d 105, 107 (9th Cir. 1981) that the Oregon two year statute of limitations, O.R.S. § 30.275(3) applies to § 1983 actions as a result of a 1977 amendment to the statute which governs claims brought against public entities. However, retroactive application of a change in the limitations period is not permitted under Oregon law absent clear contrary legislative intent. *Bower Trucking & Warehouse Co. v. Multnomah County*, 35 Or.App. 427, 582 P.2d 439 (1978); *Fullerton v. Lamm*, 177 Or. 655, 163 P.2d 941 (1946). We discern no such intent. *Cf.* O.R.S. § 30.265(4) and (6).

(1977). Although a § 1983 action generally accrues at the time wrongful incarceration commences, *see Cline v. Brusett,* 661 F.2d 108, 111 (9th Cir. 1981), it does not accrue until "a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 110; *see Briley, supra,* 564 F.2d at 855. Accordingly, Boag's cause of action accrued when he had reason to know of the unlawfulness of his 1963 conviction and hence of his incarceration.

Boag is charged with the necessary knowledge at least from November 5, 1973, when the decision in *Berry* removed all uncertainty as to the viability of his constitutional claim. Seven years elapsed before the complaint was filed, one year after the expiration of the six-year limitations period.

To bridge this gap, Boag relies upon O.R.S. § 12.160(3) which tolls the running of the limitations period during a plaintiff's imprisonment. Boag has been in the California and Arizona state prisons since September 1966. However, he was released for two 47 day parole periods in 1977 and 1979. Boag's 1977 release prevents his claim from being timely. Section 12.160 provides, in pertinent part:

> the time of such disability [e.g. imprisonment] shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, *nor shall it be extended in any case longer than one year after such disability ceases.* (Emphasis added.)

Boag's disability of imprisonment "ceased" when he was paroled in 1977. *Bock v. Collier,* 175 Or. 145, 151 P.2d 732 (1944) (disability of imprisonment includes only actual incarceration or physical custody); *see Mitchell v. Greenough,* 100 F.2d 184, 187 (9th Cir. 1938). His subsequent reincarceration did not reinstate the tolling statute. *See Richards v. Page Inv. Co.,* 112 Or. 507, 531, 228 P. 937 (1924); *Gowin, supra,* 663 F.2d at 822.

The period of disability is not "tacked" to the limitations period. Under the most liberal construction given to

§ 12.160 by the Oregon courts the plaintiff may file suit (1) within the applicable statute of limitations or (2) within one year of the date of termination of disability, whichever is later. *Northrop v. Marquam,* 16 Or. 173, 18 P. 449 (1888). *See Hamm v. McKenny,* 73 Or. 347, 144 P. 435 (1914); Note, 8 Or.L.Rev. 203, 205 (1979). *Cf. Williams v. Coughlan,* 253 F.2d 284, 285 (9th Cir. 1958) (construing a practically identical Alaska statute). Since Boag's disability terminated upon his 1977 parole, Section 12.160 could only extend the limitations period to 1978. This suit is therefore barred by the statute of limitations.

AFFIRMED.