[No. B008103. Second Dist., Div. Two. Mar. 1, 1985.]

STUART DEUTCH, Plaintiff and Appellant, v.
MURIEL HOFFMAN, Defendant and Respondent.

**COUNSEL**

Glusman, Dolin & Morris, Leonard Glusman and Richard Wong for Plaintiff and Appellant.

Kaufman, Franklin & Dickson and Warren W. Kaufman for Defendant and Respondent.

**OPINION**

**GATES, J.**—Plaintiff Stuart Deutch appeals from the judgment that dismissed his complaint against his sister, defendant Muriel Hoffman, on the ground it was barred by the applicable statute of limitations.[1]

At trial, both parties agreed that this bar existed unless a tolling had occurred in 1975. Appellant urged only that Code of Civil Procedure section 352, subdivision (a)3, which tolls limiting statutes if "*at the time the cause of action accrued* . . . [the injured party was] *imprisoned* on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life . . .," (italics added) should also be deemed applicable to

---

[1] It was stipulated that appellant's cause of action accrued at the latest in August 1975, while he was on parole. His complaint was filed more than three years thereafter. (See Code Civ. Proc., § 338, subd. 3.)

individuals on parole. The court rejected this contention and granted defendant's motion to dismiss.

Until January 1, 1976, former Penal Code section 2600 did suspend the civil rights of persons sentenced to prison but it was, at least on its face, made applicable to such persons only "during [their] imprisonment."[2] If it was also intended to apply with equal severity to *all* the civil rights of a *parolee,* it did not expressly so provide.

■ Statutes relating to civil death or the suspension of civil rights are penal in nature and are to be strictly construed. (*Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 852 [271 P.2d 18].) ■ The hardship created by their penal effect is intended for the convict, not for third persons. Compassion for the plight of the felon undergoing punishment is, unquestionably, a most laudable sentiment. Nonetheless, even such a commendable concern does not render unworthy a recognition of the competing interests of the law abiding. (See *Jones* v. *Allen* (1960) 185 Cal.App.2d 278, 282 [8 Cal.Rptr. 316].) ■ A rule permitting nonconfined felons to enforce stale claims of which they have been fully cognizant throughout the applicable statutory period, solely because of their status as parolees, would obviously work a real, and undeserved, hardship upon third persons.

Further, as appellant acknowledges, even the restriction section 2600 formerly imposed upon *actual* prisoners with regard to their right to initiate civil actions was lifted on January 1, 1976. Therefore, the revocation of appellant's parole in 1976 did not prevent his timely filing suit upon his instant asserted cause of action; a cause as to which he had had his attorney communicate with his sister as early as August 1975.

While the term "prisoner" is not defined in the Code of Civil Procedure, for certain purposes it is expressly said to include "*an inmate* of a prison, jail or penal or correctional facility." (Gov. Code, § 844; italics added.) The legislative committee comment to this section notes that "a person on parole would not be considered to be a prisoner." (See legis. committee com., West's Ann. Gov. Code, § 844 (1980 ed.) p. 404.) Although the legislative view expressed in this particular is certainly not conclusive, it is also not without persuasive value.

---

[2]In 1975 former Penal Code section 2600 provided in part: "A sentence of imprisonment in a state prison for any term suspends all the civil rights of the person so sentenced and forfeits all public offices and all private trusts, authority, or power *during such imprisonment.* But the Adult Authority may restore to said person during his imprisonment such civil rights as the authority may deem proper, except the right to act as a trustee, or hold public office or exercise the privilege of an elector or give a general power of attorney." (Italics added; Stats. 1968, ch. 1402, § 1, p. 2763.)

Of course, parolees were, and to a lesser extent still are, subject to various restraints upon their liberty. (See *People* v. *Denne* (1956) 141 Cal.App.2d 499, 507-508 [297 P.2d 451].) However, so far as we are aware, no appellate court decision in California ever held, or even considered the possibility, that a parolee's right to institute a civil action was among the pre-1976 restrictions to which he was subjected. While his supervising officer doubtless had an interest in all aspects of a parolee's life, no person named as a defendant in such a suit ever urged that the parolee's status, per se, constituted a bar to its prosecution.

In addition, the reasons previously enunciated to justify depriving a classic prisoner, i.e., a prison inmate, access to the courts to prosecute a civil action were never truly applicable to a parolee. (See *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 918 [132 Cal.Rptr. 405, 553 P.2d 565]; *Wood* v. *Superior Court* (1974) 36 Cal.App.3d 811, 813 [112 Cal.Rptr. 157]; *In re Bagwell* (1938) 26 Cal.App.2d 418, 420 [79 P.2d 395].) In *Bush* v. *Reid* (Alaska 1973) 516 P.2d 1215, 1220 [74 A.L.R.3d 669], the Alaska Supreme Court noted these distinctions as follows: "Denial of incarcerated felons' access to the civil judicial process has been justified by fears of disruption of prison routine, spurious litigation commenced in the hope of spending a few hours beyond the bars of prison and increased risks of escape by prisoners en route to hearings. Where the litigant is a parolee, to state these arguments is to reveal their absurdity. No argument has been pressed that engaging in civil litigation will encourage recidivism or otherwise interfere with the rehabilitation of an offender. If one may anticipate any effect, it is that active participation in the system of justice will develop added respect for the system and a sense of belonging in the mainstream of society." (Fns. omitted. See also *Mitchell* v. *Greenough* (9th Cir. 1938) 100 F.2d 184, 187 [applying Washington law]; Annot., Right in Absence of Express Statutory Authorization, of One Convicted of Crime and Imprisoned or Paroled, to Prosecute Civil Action (1976) 74 A.L.R.3d 680, 714-716.)

Such an analysis is consistent with our Supreme Court's own exegesis of former Penal Code section 2600 in *Payne* v. *Superior Court, supra,* 17 Cal.3d 908, 913: "[T]hat statute purported to suspend all civil liberties of a prisoner except a few specifically enumerated rights and those authorized by the Adult Authority or the sentencing judge. However, it has long been judicially recognized in California and in states with similar statutes that 'prisoners, while forfeiting, as a necessary corollary of prison life, significant rights and privileges enjoyed by the general populace, retain those basic rights which are not incompatible with the running of the penal institution.' [Citations.] Recently the Legislature itself made this clear, amending section 2600 to provide that a prisoner may 'be deprived of such rights, and only such rights, as is necessary in order to provide for the reasonable security

of the institution in which he is confined and for the reasonable protection of the public.' . . ."

We conclude, therefore, that here the trial court correctly determined appellant's status as a parolee prior to January 1, 1976, neither precluded nor significantly impaired his ability (see *Bledstein* v. *Superior Court* (1984) 162 Cal.App.3d 152, 169 [208 Cal.Rptr. 428]) to enforce his claim against his sister during that period; consequently, no tolling occurred and the instant action is barred.

The judgment is affirmed.

Compton, Acting P. J., and Beach, J., concurred.