Mark COOPER, Plaintiff–Appellant,

v.

CITY OF ASHLAND; Brian Almquist;
Vic Lively; Mel Clements; John Does
I–V, Defendants–Appellees.

No. 87–4187.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 29, 1988.*

Decided April 3, 1989.

As Amended May 11, 1989.

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Mark Cooper, Santa Rosa, Cal., in pro se.

Allan M. Muir and James P. Martin, Schwabe, Williamson & Wyatt, Portland, Or., for defendants-appellees.

Before MERRILL, REINHARDT and HALL, Circuit Judges.

PER CURIAM:

Cooper appeals pro se the district court's grant of summary judgment in favor of the defendants in this action under 42 U.S.C. § 1983. We reverse.

Cooper's complaint alleged that he had been arrested in violation of his Fourteenth Amendment constitutional rights "on or about October 11, 1984." Cooper mailed the complaint on October 9, 1986, return receipt requested. The return receipt was signed by an employee in the clerk's office and dated October 13, 1986. The complaint itself was stamped "received" on October 15, 1986, and stamped "filed" on October 21, 1986. The district court granted summary judgment in favor of the respondents on the ground that the complaint was barred by the statute of limitations.

Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983. *See* Or. Rev.Stat. § 12.110(1); *Owens v. Okure,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed. 2d 594 (1989); *Wilson v. Garcia,*

471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985); *Davis v. Harvey,* 789 F.2d 1332, 1333 (9th Cir.1986). The last day for timely filing of Cooper's complaint would ordinarily have been October 11, 1986, but that date was a Saturday. The following Monday, October 13, 1986, was Columbus Day, a legal holiday. The last day for timely filing of Cooper's complaint was therefore Tuesday, October 14, 1986. *See* Fed.R.Civ.P. 6(a). When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk. 2 J. Moore, *Moore's Federal Practice* ¶ 5.11 (2d ed. 1988); 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1153 (2d ed. 1987); *see also Torras Herreria y Construcciones, S.A. v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir. 1986). Because the clerk's office received the complaint on October 13, 1986, before the statute of limitations expired, the complaint was timely filed.

REVERSED and REMANDED.