967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angel Ortiz DIAMOND, Plaintiff-Appellant,
v.
John GUTIERREZ, Officer of the Oakland Police Dept.; City
of Oakland, California, et al., Defendants-Appellees.
 No. 90-15435.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1992.*
Decided June 15, 1992.
 
 Before JAMES R. BROWNING, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Diamond's complaint pursuant to Fed.R.Civ.P. 12(b)(6). Diamond appeals pro se the dismissal of his first, third and fifth causes of action.
 
 
 3
 We affirm the dismissal of the first cause of action as barred by collateral estoppel. The state trial court ruled the January 28, 1986, search and seizure did not violate the Fourth Amendment. Diamond may not relitigate the issue in federal court. See Ayers v. City of Richmond, 895 F.2d 1267, 1270-72 (9th Cir.1990).
 
 
 4
 We affirm the dismissal of the third cause of action as untimely. The allegedly illegal search and seizure occurred on October 22, 1987, and Diamond had one year to file a 42 U.S.C. § 1983 complaint. See McDougal v. County of Imperial, 942 F.2d 668, 672-73 (9th Cir.1991) (statute of limitations is one year). Diamond's complaint was not signed until November 14, 1988.
 
 
 5
 California's tolling statutes do not help Diamond because he was not imprisoned when his cause of action accrued. See Cal.Civ.Proc.Code §§ 352(a), 357. Although Diamond was on probation, he was not incarcerated. The tolling provision in section 352(a) does not apply to Diamond because the restrictions imposed by probation "neither precluded nor significantly impaired his ability to enforce his claim." Deutch v. Hoffman, 165 Cal.App.3d 152, 155, 211 Cal.Rptr. 319, 321 (1985) (holding tolling provision did not apply to parolee).
 
 
 6
 We affirm the dismissal of Diamond's fifth cause of action for failure to state a claim. Although Diamond alleges a conspiracy to violate his civil rights, he does not state a claim under 42 U.S.C. § 1985(3) because he does not allege any class-based animus on the part of the defendants. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Nor has Diamond alleged facts that would entitle him to relief under any other theory.
 
 
 7
 Diamond appeals the district court's refusal to entertain his discovery request until after ruling on the motion to dismiss. This decision was within the district court's discretion. Because evidence was not considered in deciding the Rule 12(b)(6) motion, Diamond was not prejudiced. Diamond also objects to the district court's decision not to hear oral argument. He does not show prejudice. "[F]ailure to grant oral argument is not reversible error in the absence of prejudice." Smith v. Retirement Fund Trust, 857 F.2d 587, 592 (9th Cir.1988).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3