967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Stewart SMITH, Plaintiff-Appellant,
v.
ALAMEDA COUNTY SHERIFF DEPT.; Hayward Police Chief;
Hayward Police Dept.; Hoover; Charles B.
Plummer; Glenn Dyer, Defendants-Appellees.
 No. 91-15928.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Stewart Smith, a California state prisoner, appeals pro se the district court's summary judgment dismissal of his 42 U.S.C. § 1983 action as barred by the statute of limitations. In his complaint, Smith alleged that the officer who arrested him used excessive force, which resulted in the breaking of his hand. He also alleged that prison officials were deliberately indifferent to his serious medical needs when they delayed treatment of his hand while he was in pre-trial custody. We review de novo, Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir.1987), and we affirm.
 
 
 3
 Federal courts apply the statute of limitations of the state in which the claim arises for 42 U.S.C. § 1983 actions. Id. State law also determines the application of tolling doctrines. Wilson v. Garcia, 471 U.S. 261, 269 (1985).
 
 
 4
 Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. Id. at 276. In California, the applicable statute of limitations is Cal.Civ.P.Code § 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). In civil rights actions involving an imprisoned person, the statute of limitations is tolled from the date the cause of action accrues up to and including the date of the prisoner's release from prison. See Cal.Civ.P.Code § 352(a)(3); May v. Enomoto, 633 F.2d 164, 166 (9th Cir.1980).[1] The prisoner's subsequent reincarceration does not reinstate the tolling statute. See Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.) (per curiam) (construing a similar Oregon statute, this court held that statute of limitations started running upon the prisoner's release on parole), cert. denied, 459 U.S. 849 (1982); Deutch v. Hoffman, 165 Cal.App.3d 152, 166, 211 Cal.Rptr. 319, 321 (1984) (statute of limitations not tolled during period when prisoner was on parole).
 
 
 5
 Here, Smith's claim regarding medical treatment arose during the period February 1, 1986, the date he was arrested, to March 7, 1986, the date he was released on bail. His cause of action accrued on March 8, 1986, the day after he was released from prison on bail. See May, 663 F.2d at 166. His reincarceration for one week in June 1986 for violating the terms of his bail did not reinstate the tolling statute. See Boag, 669 F.2d at 589; Deutch, 165 Cal.App.3d at 166, 211 Cal.Rptr. at 321. Smith filed his complaint on September 18, 1989, after the one-year statute of limitations had expired. See McDougal, 942 F.2d at 672. The district court properly dismissed the medical treatment claim as time-barred. See id.[2]
 
 
 6
 The district court also properly dismissed Smith's excessive force claim as time-barred.
 
 
 7
 Smith's claim regarding excessive force arose out of his arrest on February 1, 1986. Cal.Gov't Code § 945.3 tolled the limitations period for the excessive force claim while the criminal action against Smith was pending in state court. See Harding v. Galceran, 889 F.2d 906, 908 (9th Cir.1989), cert. denied, 111 S.Ct. 951 (1991).[3] Smith's cause of action accrued when he was convicted in July 1987. See id. He filed his complaint on September 18, 1989, after the one-year statute of limitations had expired. See McDougal, 942 F.2d at 672. The district court properly dismissed the claim as time-barred. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Civ.P.Code § 352(a)(3) tolls the statute of limitations if "at the time the cause of action accrued, ... [the injured party was] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."
 
 
 [2]
 We reject Smith's argument that the conditions of his bail amounted to house arrest, thereby tolling the statute of limitations. Although Smith was not allowed to travel within the city of Hayward, the city of San Leandro, or unincorporated San Leandro except along pre-designated routes to court or to see his lawyer or doctor, no restrictions were placed on his travel to or within any other geographical area. Smith was not imprisoned such that the statute of limitations was tolled. See Boag, 669 F.2d at 589
 
 
 [3]
 Cal.Gov't Code § 945.3 provides in pertinent part:
 No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer ... while the charges against the accused are pending before a justice, municipal, or superior court.
 Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a justice, municipal, or superior court.