995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie L. REED, Plaintiff-Appellant,
v.
Ron ANGELONE; et al., Defendants-Appellees.
 No. 92-16375.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie L. Reed, a Nevada state prisoner, appeals pro se the district court's order granting appellees' motion for summary judgment and dismissing his 42 U.S.C. § 1983 action. Reed claims that appellees were deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving must come forward with evidence sufficient to establish the existence of the elements essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322.
 
 
 4
 Upon review of the record and due consideration, we determine that the district court correctly concluded that "[Reed] has submitted no evidence [ ] of any deliberate indifference by any Defendant."
 
 
 5
 Accordingly, the district court's order granting appellees' motion for summary judgment is affirmed.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Reed's claim regarding the kidney transplant list would not be time-barred. In any event, we affirm the dismissal as noted above
 Nevada's two-year statute of limitations for personal injury actions applies to actions brought pursuant to 42 U.S.C. § 1983. See Nev.Rev.Stat. § 11.190(4)(e); Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Perez v. Seevers, 869 F.2d 425, 426, (9th Cir.), cert. denied, 493 U.S. 860 (1989). A civil action is commenced when the complaint is filed with the court. Fed.R.Civ.P. 3. "When papers are mailed to the clerk's office, filing is complete when the papers are received by the clerk." Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989).
 Reed's original complaint was received by the clerk's office on 24 July 1991. Thus, Reed's action commenced on 24 July 1991. See Fed.R.Civ.P. 3; Cooper, 871 F.2d at 105. Therefore, Reed's claims regarding the initial transfer to Vacaville and the resulting lost opportunity to receive a kidney transplant would not be barred by the applicable statute of limitations. See Nev.Rev.Stat. § 11.190(4)(e); Perez, 869 F.2d at 426.