9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul M. ALLEN, Plaintiff-Appellant,
v.
GRESHAM POLICE DEPARTMENT, Defendant-Appellee.
 No. 92-37005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul M. Allen appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against defendant Gresham Police Department (the "Department") as barred by the statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Donoghue v. County of Orange, 848 F.2d 926, 929 (9th Cir.1987), and affirm.
 
 
 3
 Section 1983 actions are governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Thus, Oregon's two-year statute of limitations for personal injury actions applies to Allen's action. See Or.Rev.Stat. § 12.110(1); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989) (per curiam).
 
 
 4
 Allen alleged that in 1985 and 1986 he was wrongfully arrested and incarcerated by the Department and that he was beaten by police officers employed by the Department. Under Oregon law, the statute of limitations had not yet begun to run because Allen was imprisoned. See Or.Rev.Stat. § 12.160(3); Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.) (per curiam) (observing that section 12.160(3) "tolls the running of the limitations period during a plaintiff's imprisonment"), cert. denied, 459 U.S. 849 (1982).
 
 
 5
 The two-year limitations period began to run upon Allen's parole on July 25, 1988, see Boag, 669 F.2d at 589, and expired on July 25, 1990. Allen filed his complaint on July 1, 1992, almost two years after the limitations period had expired. The complaint was therefore untimely. See Or.Rev.Stat. § 12.110(1).
 
 
 6
 Allen contends that the Department is estopped from asserting the statute of limitations because the Department (1) prevented Allen from discovering material facts, and (2) caused Allen to delay filing his complaint by falsely imprisoning him. These contentions lack merit.
 
 
 7
 Allen has not described the "material facts" to which he refers nor has he stated how the Department prevented him from discovering those facts. Based on the allegations in his complaint, we conclude that by the time of his parole in 1988, Allen had sufficient facts to know that he might have causes of action for the alleged wrongful imprisonment and prison beatings that took place in 1985 and 1986. See Cline v. Brusett, 661 F.2d 108, 110 (9th Cir.1981) (cause of action generally accrues when plaintiff knows or has reason to know of injury which is basis of action).
 
 
 8
 Furthermore, Allen cannot rely on the fact that he was in prison to excuse his failure to comply with the statute of limitations. As we stated above, the limitations period was tolled until Allen was paroled in 1988. Thus, even if the Department somehow prevented Allen from filing his action while he was in prison, Allen had two full years after his release to file his complaint and still failed to meet the deadline.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3