32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norris D. SANDERS, Plaintiff-Appellant,
v.
Barry DELEVAN, Police Officer; James M. Beene, and Blanch
CANE, Defendants-Appellees.
 No. 94-15223.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norris Sanders, a California state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. Secs. 1983 and 1985(3) actions pursuant to 28 U.S.C. Sec. 1915(d) and Fed.R.Civ.P. 12(b)(6). Sanders contends that Detective Delevan of the Antioch Police Department, James Beene and Blanch Cane violated his civil rights by conspiring to cause his arrest by planting false incriminating evidence on his property. Although the charges against him were dismissed, he claims that he was unlawfully deprived of his liberty, approximately $9,000 of his property and lost his job as a result of the false arrest. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 1. Claims dismissed pursuant to 28 U.S.C. Sec. 1915(d)
 
 
 4
 We review a district court's dismissal pursuant to 28 U.S.C. Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 5
 a) Section 1985(3) claim
 
 
 6
 To state a claim under 42 U.S.C. Sec. 1985(3), a plaintiff must allege that the conspiracy was motivated by a class-based animus. Griffin v. Breckinridge, 403 U.S. 88, 102 (1971); Schultz v. Sunberg, 759 F.2d 714, 718 (9th Cir.1985).
 
 
 7
 Here, Sanders alleges that the defendants' conspiracy to cause his false arrest was motivated by Beene's desire to clear himself of stolen property charges. Because Sanders fails to allege that the conspiracy was motivated by a class-based animus, his Sec. 1985(3) claim lacks an arguable basis in either law or fact. See Griffin, 403 U.S. at 102; Schultz, 759 F.2d at 718. Thus, the district court did not abuse its discretion when it dismissed Sanders Sec. 1985(3) action as frivolous. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 325.
 
 
 8
 b) Section 1983 claim
 
 
 9
 To state a claim under Sec. 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). Where a deprivation of property results from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfies due process requirements. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981) overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 330-33 (1986); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.) cert. denied, 493 U.S. 868 (1989). State postdeprivation remedies have also been held sufficient for due process purposes in cases of intentional, unauthorized actions. Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Taylor, 871 F.2d at 805.
 
 
 10
 Sanders claims that Delevan violated his civil rights by unlawfully taking certain personal property valued in excess of $9,000 when he arrested him. Because Sanders failed to pursue postdeprivation relief available to him in state court, his Sec. 1983 claim against defendants for the loss of his personal property is deficient. See Hudson, 468 U.S. at 530-33; Parratt, 451 U.S. at 543-44; Taylor, 871 F.2d at 805. Thus, the district court did not abuse its discretion when it dismissed Sanders' Sec. 1983 claim as frivolous. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 325; Karim-Panahi, 839 F.2d at 624.
 
 
 11
 2. Claims dismissed pursuant to Fed.R.Civ.P. 12(b)(6)
 
 
 12
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 13
 In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). Where a motion to dismiss is brought on the basis of a statute of limitations time bar, the court should grant the motion if the assertions of the complaint would not permit the plaintiff to prove the statute was tolled. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980).
 
 
 14
 Federal courts apply the statute of limitations of the state in which the claim arises for 42 U.S.C. Sec. 1983 actions. Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). State law also determines the application of tolling doctrines. Wilson v. Garcia, 471 U.S. 261, 269 (1985). In California, the applicable statute of limitations is Cal.Civ.P.Code Sec. 340(3), which provides for a limitations period of one year from the date the cause of action accrues. McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). In civil rights actions involving California state prisoners, the statute of limitations is tolled from the date the cause of action accrues up to and including the date of the prisoner's release from prison. See Cal.Civ.P.Code Sec. 352(a)(3); May v. Enomoto, 633 F.2d 164, 166 (9th Cir.1980).[1] The prisoner's subsequent reincarceration does not reinstate the tolling statute. See Boag v. Chief of Police, City of Portland, 669 F.2d 587, 589 (9th Cir.) (construing a similar Oregon statute, this court held that statute of limitations started running upon the prisoner's release on parole), cert. denied, 459 U.S. 849 (1982); Deutch v. Hoffman, 165 Cal.App.3d 152, 166 (1984) (statute of limitations not tolled during period when prisoner was on parole). On a conspiracy claim, the statute of limitations runs from each overt act which causes harm to the plaintiff. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987).
 
 
 15
 Here, Sanders' false arrest conspiracy claim arose at the time of his arrest on April 16, 1990. See id. Because Sanders was not released from prison based on the allegedly false charges until August 19, 1990, the statute of limitations for his civil rights action was tolled during his period of incarceration. See Cal.Civ.P.Code Sec. 352(a)(3); Wilson, 471 U.S. at 269; May, 633 F.2d at 166. Nonetheless, because Sanders did not file his civil rights action until June 1, 1993, he is time barred from bringing this action against the defendants. See Cal.Civ.P.Code Sec. 340(3); McDougal, 942 F.2d at 672; Donoghue, 848 F.2d at 929. Sanders' subsequent arrest and reimprisonment on unrelated charges did not reinstate the statutory tolling provision. See Boag, 669 F.2d at 589; Deutch, 165 Cal.App.3d at 166.
 
 
 16
 Accordingly, the district court properly dismissed Sanders' Sec. 1983 conspiracy claim on the basis of a statute of limitations time bar. See Love, 915 F.2d at 1245; Jablon, 614 F.2d at 682.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cal.Civ.P.Code Sec. 352(a)(3) tolls the statute of limitations if "at the time the cause of action accrued, ... [the injured party was] imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."