145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Precious LEE-MCDUFFIE, Plaintiff-Appellant,
v.
CITY OF ARTESIA; Paul Philips; Alicia Ley; Bethene Palmer,
Defendants-Appellees.
 No. 97-56512.
D.C. No. CV-97-00028-WJR.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1998**.
Decided June 12, 1998.
 
 Appeal from the United States District Court for the Central District of California William J. Rea, District Judge, Presiding.
 Before REINHARDT, THOMPSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Precious Lee-McDuffie appeals pro se the district court's dismissal of her action under Fed.R.Civ.P. 12(b)(6) and 41(b). We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a dismissal for lack of prosecution, and review de novo a dismissal for failure to file within the statute of limitations. See Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998). We vacate and remand.
 
 
 3
 Because it was possible that Lee-McDuffie could prove that her action was timely, the district court erred by dismissing Lee-McDuffie's complaint with prejudice. See Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir.1993) (stating that dismissal for failure to state a claim based on statute of limitations grounds can be granted only if plaintiff would be unable to prove the limitations period was equitably tolled).
 
 
 4
 Lee-McDuffie may be able to show that the one-year California statute of limitations for filing her 42 U.S.C. § 1983 claim should be equitably tolled. See id. at 1275 (stating California courts' test for equitable tolling when plaintiff pursued remedy in another forum, citing Loehr v. Ventura County Community College Dist. 147 Cal.App.3d 1071, 195 Cal.Rptr. 576, 584 (Cal.Ct.App.1983).
 
 
 5
 Lee-McDuffie may also be able to show that her Title VII claim was timely filed. See 42 U.S.C. § 2000e-5(e)(1); Bouman v. Block, 940 F.2d 1211, 1219-20 (9th Cir.1991) (finding that in California, a party has 300 days to file a charge with the EEOC); see also 42 U.S.C.2000e-5(f)(1) (party has 90 days after receipt of right to sue letter to file a lawsuit); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir.1989) (per curiam) (finding complaint received by clerk's office before statute of limitations expired was timely filed).
 
 
 6
 Because Lee-McDuffie's complaint provided defendants with notice of the legal theories advanced, the district court erred by dismissing the complaint with prejudice on the ground that she failed to plead the specific legal theories. See Fed.R.Civ.P. 8(a) and (f), 12(b)(6) and 41(b); Pruitt v. Cheney, 963 F.2d 1160, 1164 (9th Cir.1991) (party need not plead specific legal theories in complaint so long as opposing party receives notice of what is at issue).
 
 
 7
 Accordingly, we vacate and remand for further proceedings.
 
 
 8
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3