**Duwane Roy BARKER, Plaintiff–Appellant,**

v.

**Pam FUGAZZI, Warden, Texas Corrections Corporation of America; AL Chandler, Assistant Director Oregon Department of Corrections; David Myers, President, Corrections Corporation of America; Corrections Corporation of America.; J.B. Felder, MD,**

Physician for Eastern Oregon Corrections Institution; Cruz, Agent Badge No 735; Hunter, Agent Badge No 974; Michaels, Agent Badge No 765; Yeager, Agent Badge No 940; Charles Crandell, Agent Trancor Inc.; Transcor of America, Inc., Dave Cook, Director, Oregon Department of Corrections; Transcon CCA; Hardy Myers, Attorney General of the State of Oregon; Dan Duran, Program Manager of Classification & Transfer Unit; M. Barth, Captain Corrections Officer; R. Boehmer, Sergeant Corrections Officer; Jean Hill, Warden Eastern Oregon Corrections Institution; Faye Rogers, Supervisor Medical Services; Joyce Williams, Food Service Manager; Fred Joachim, Assistant Warden Houston Texas; Jane Gilbert, Dietician Houston Texas Prison Facility, Defendants–Appellees.

No. 00–35192.

D.C. No. CV–98–00279–BR.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001.*

Decided Sept. 17, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiff Duwane Roy Barker appeals pro se the district court's orders dismissing one claim and granting Defendants' motions for summary judgment as to his two other claims in this action under 42 U.S.C. § 1983. We affirm.

### I. *Conditions of Confinement in the Houston Prison*

 Plaintiff's first claim relates to conditions of confinement at the Houston prison. The district court dismissed it as "frivolous" under 28 U.S.C. § 1915, because the identical claim was pending in Plaintiff's action before the Southern District of Texas.

The district court did not err. We previously have held that an action is "frivolous" for purposes of § 1915 in similar

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

circumstances. *See Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir.1987) (dismissing an action as frivolous under § 1915, because the plaintiff had "another action pending before the district court involving the same parties and the same transactions").

## II. *The Bus Trip*

 Next, Plaintiff argues that conditions on the bus trip from Houston to Pendleton violated his Eighth Amendment right to be free from cruel and unusual punishment. An Eighth Amendment claim, like this one, that is based on conditions of confinement must satisfy both an objective and a subjective test. First, the deprivation alleged must be sufficiently serious, when viewed objectively. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, a prison official's subjective state of mind must be wanton. *Id.*

Here, the district court concluded that Plaintiff had not presented enough evidence to create an issue of fact on either the objective or subjective components of this claim. We agree.

 Plaintiff has a number of complaints about the bus trip, which suggest only that the trip was periodically uncomfortable and that the prisoners (and, in many cases, the Defendant guards who accompanied them) endured discomforts and irritations. These complaints do not rise to the level of a § 1983 violation.

 Plaintiff also complains that he was shackled during the trip. Prison officials may place inmates in restraints while moving them from place to place. *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996), *amended on denial of reh'g,* 135 F.3d 1318 (9th Cir.1998); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993). Plaintiff argues that his restraints were too tight, but his allegations of injury are not serious enough either to satisfy the objective component of the test or to give rise to an inference that the officials on the bus knew about and disregarded an excessive risk to his health and safety.

## III. *Claim Against Dr. Felder*

Finally, Plaintiff argues that the district court erred in granting summary judgment on his claim against Dr. Felder. That claim is time-barred.

 Oregon's two-year statute of limitations for personal injury actions, set out in Oregon Revised Statute § 12.110(1), applies to this claim. *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir.1989). Plaintiff is complaining that he should have been admitted to the infirmary on August 16, 1996, rather than the next day. However, he did not raise this claim at all until his third amended complaint, which he filed almost three years later, on August 3, 1999. Nor does the claim relate back to the date of his earlier pleadings under Federal Rule of Civil Procedure 15(c)(2), because it does not arise out of the same "conduct, transaction, or occurrence" as Plaintiff's other, timely claims.

AFFIRMED.