**Christopher WIMBERLY,**
**Plaintiff—Appellant,**

v.

**John KITZHABER; et al.,**
**Defendants—Appellees.**

**No. 04–35271.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 24, 2005.

Christopher Wimberly, FCIV—Federal Correctional Institution, Adelanto, CA, Pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Christopher Wimberly, formerly incarcerated in Oregon, appeals pro se from the district court's sua sponte dismissal of his civil rights action for failure to comply with the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir.1999) (dismissals on statute of limitations grounds), and we affirm.

Wimberly filed this action on July 22, 2003, more than two years after his habeas petition was granted and his 42 U.S.C. § 1983 claim accrued. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991) (federal claim accrues when plaintiff knows or has reason to know of the injury forming the basis for the action). The district court properly dismissed this civil rights action under Oregon's two-year statute of limitations for personal injury actions, *see Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (citing Or.Rev.Stat. § 12.110(1)), because it is clear from the face of the complaint that the statute had expired before Wimberly filed the action, and Wimberly cannot prove the statute was tolled, *see*

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980).

AFFIRMED.