**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HASSAN ABPIKAR,

       Plaintiff-Appellant,

  v.

DWAYNE SANCHEZ, DHS/ICE
Special Federal Agent; et al.,

       Defendants-Appellees.

No. 14-16735

D.C. No. 5:12-cv-03982-RMW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted January 11, 2017[**]
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and ERICKSON,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Ralph R. Erickson, United States District Judge for the
District of North Dakota, sitting by designation.

Hassan Abpikar appeals the district court's order granting Defendants' motion to dismiss his civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We affirm.

Like the district court, we conclude that the action was not timely filed under the applicable two-year statute of limitations, based on Cal. Code of Civ. Proc. § 335.1. Abpikar was not "imprisoned on a criminal charge" in order to qualify him for statutory tolling under Cal. Code of Civ. Proc. § 352.1(a). The terms of his release, even if they amounted to house arrest, did not so significantly impair his ability to act. Notably, he pursued other litigation within that time. *See Deutch v. Hoffman*, 165 Cal. App. 3d 152, 156 (Ct. App. 1985). Additionally, he also did not qualify for equitable tolling, as he did not demonstrate that an extraordinary circumstance stood in the way of filing his complaint within the two-year limitations period. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc). Lastly, his complaint did not allege any tort claims under California law that might have been subject to a three-year limitations period. The claims were all federal constitutional claims under *Bivens*, subject to a two-year limitations period.

The requests for judicial notice by Abpikar, filed January 20, 2015, and by Defendants, in the answering brief at 6 n.2, are granted.

**AFFIRMED.**