**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARICELA RAMIREZ, | No. 21-35645 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00152-JR |
| v. | |
| JOSHUA KORNEGAY, M.D.; SARAH GOMEZ, M.D.; ADDRIENNE HUGHES, M.D.; LARA JESIC, FNP; MATTHEW NOBLE, M.D.; VERDA DEW, LCSW; SUSAN YODER, RN BSN; GREG MOAWAD; KARYN THRAPP, RN BSN; ERIC BROWN; OREGON DEPARTMENT OF JUSTICE; STATE OF OREGON; OREGON HEALTH AND SCIENCE UNIVERSITY; DOES, 1 to 100, Inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 22, 2023[]

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Maricela Ramirez appeals from the district court's order granting summary judgment in favor of the defendants in her civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment de novo, *Leslie v. Grupo ICA*, 198 F.3d 1152, 1157 (9th Cir. 1999), and affirm.

The district court did not err by considering Ramirez's litigation history or the medical records, which were properly submitted by the defendants during summary judgment.

The state, state agencies, and state officials[1] sued for damages in their official capacities are entitled to Eleventh Amendment immunity and cannot be sued as "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 988-89 (9th Cir. 2014).

Ramirez filed her original complaint on January 27, 2020. Therefore, any federal civil rights and state common law claims for events occurring before

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] The state defendants are the State of Oregon, the Oregon Department of Justice, and state agency officials Thrapp and Brown.

January 27, 2018 are barred by the two-year statutes of limitations. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam); Or. Rev. Stat. § 12.110(1); Or. Rev. Stat. § 30.275(9). All of the claims alleging that the hospital defendants[2] discriminated against Ramirez in public accommodations in violation of Oregon Revised Statutes § 659A.403 for treatment occurring before January 27, 2019 are barred by the one-year statute of limitations set forth in Oregon Revised Statutes § 659A.875(4).

Summary judgment was proper for all of the defendants because Ramirez failed to offer any evidence to support any of her claims and to rebut the medical evidence produced by the hospital defendants. Her own subjective beliefs and wholly conclusory allegations do not satisfy the requirement that she come forward with evidence to support her claims during summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The mere fact that the district court ruled against Ramirez does not establish bias. *Leslie*, 198 F.3d at 1160. The district court did not abuse its discretion by denying Ramirez's requests for appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard for appointment of

[2]The hospital defendants are Oregon Health and Science University, a public hospital, and its medical staff, including defendants Hughes, Jesic, Moawad, Dew, Kornegay, Gomez, Noble, and Yoder.

counsel).  Nor did it abuse its discretion by denying leave to file a third amended complaint at the summary judgment stage of the case.  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile").  Nor did the district court abuse its discretion by denying Ramirez's motion for the appointment of a Rule 706 expert.  *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999).

Appellant's Motion to File Substitute Brief (Dkt. Entry No. 34) is GRANTED.  The Clerk of Court shall file the substitute reply brief (Dkt. Entry No. 35) to replace the original reply brief (Dkt. Entry No. 33).

**AFFIRMED.**